## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Civil Case Number: _____

David Gary Deraps,

                Plaintiff,

vs.

MRS BPO, LLC,

                Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, David Gary Deraps, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, David Gary Deraps ("Plaintiff"), is an adult individual residing in Clermont, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, MRS BPO, LLC ("MRS BPO"), is a New Jersey business entity with an address of MRS Associates, Inc., 1930 Olney Avenue, Cherry Hill, New Jersey 08003, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Santander Consumer USA Inc. (the "Creditor" or "Santander").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to MRS BPO for collection, or MRS BPO was employed by the Creditor to collect the Debt.

9. MRS BPO attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. MRS BPO Engaged in Harassment and Abusive Tactics

10. By letter dated January 15, 2020, MRS BPO contacted the Plaintiff in an attempt to collect the Debt.

11. By letter dated January 22, 2020, Plaintiff disputed the alleged Debt contained in MRS BPO's letter, stating that it has the wrong person and he never had an account with Santander.

12. In addition, Plaintiff enclosed copies of letters received from Santander, showing MRS BPO that his credit request to Santander was in fact denied.

13. In complete disregard of Plaintiff's dispute, MRS BPO contacted Plaintiff by letter dated February 7, 2020, in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference Paragraphs 1 through 13 of this Complaint as though fully stated herein.

17. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

18. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the debt had not been verified.

22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

24. The Plaintiff incorporates by reference Paragraphs 1 through 13 of this Complaint as though fully stated herein.

25. The Defendant claimed, attempted, or threatened to enforce a debt when such person knew that the debt was not legitimate or asserted the existence of some other legal right when such person knew that the right did not exist, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9).

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 1, 2020

                Respectfully submitted,

By    */s/ Matthew Fornaro*

        Matthew Fornaro, Esq.
        Florida Bar No. 0650641
        Matthew Fornaro, P.A.
        11555 Heron Bay Boulevard, Suite 200
        Coral Springs, FL 33076
        Telephone: (954) 324-3651
        Facsimile: (954) 248-2099
        E-mail: mfornaro@fornarolegal.com